UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIPLOMAT PHARMACY, INC.,

    Plaintiff,

v.

HUMANA HEALTH PLAN, INC., and
HUMANA INSURANCE COMPANY,

    Defendants.
_____/

File No.  1:08-CV-620

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendants Humana Health Plan Inc. and Humana Insurance Company's motion to set-aside state court orders.  (Dkt. No. 2, Defs.' Mot. to Set-Aside.)  Defendants ask the Court to set-aside two orders entered in Kent County Circuit Court.

    Plaintiff Diplomat Pharmacy Inc. filed this action in Kent County Circuit Court on June 18, 2008.  Plaintiff seeks to prevent Defendants from terminating the Pharmacy Provider Agreement that Plaintiff and Defendants entered into on June 2, 2003.  In addition to filing its complaint, Plaintiff also filed a motion for a temporary restraining order and a preliminary injunction.  In Kent County Circuit Court this case was assigned to Judge George S. Buth; however, the motion for a temporary restraining order was heard by Chief Judge Paul J. Sullivan.  On June 19, 2008, Judge Sullivan entered a stipulated order.  Judge

Sullivan's order denied the motion for a temporary restraining order, but provided, in part, that:

> Defendants will postpone the effective date of any termination of the parties' Pharmacy Provider Agreement ("PPA"), entered on or about June 2, 2003, until the Court issues an Order granting or denying Plaintiff's Motion for Preliminary Injunction[.]

(Dkt. No. 4, Defs.' Notice of Removal, Att. 1C, 06/19/2008 Stipulated Order 1.)

On June 25, 2008, Plaintiff filed a motion for Defendants to be held in contempt of the June 19, 2008, order. A hearing on Plaintiff's motion was held before Judge Mark A. Trusock on June 27, 2008. Judge Trusock did not enter a written order on June 27. Later that day, Defendants removed this case to federal court. The notice of removal was filed in federal court on June 27, 2008. Defendants also filed notice of the removal in Kent County Circuit Court on June 27, 2008. (Dkt. No. 5, Notice of Filing). On June 30, 2008, Judge Trusock entered a written order.

"'When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court.'" *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 903 (6th Cir. 1955) (quoting *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937)). *See also Zolman v. United States,* 170 F. Supp. 2d 746, 751 (W.D. Mich. 2001). However, upon filing of the notice of removal in state court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Thus, the state court "loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court." *South Carolina v. Moore*, 447 F.2d 1067, 1073

(4th Cir. 1971).  Under Michigan Court Rule 2.602(A) all "orders must be in writing" and "[t]he date of signing an order or judgment is the date of entry."  MCR 2.602(A)(1), (A)(2).  Judge Trusock signed the June 30, 2008, order on June 30, 2008.  Judge Trusock did not sign the June 30, 2008, order until after the notice of removal had been filed in both federal and state court.  The June 30, 2008, order was entered after the Kent County Circuit Court had lost jurisdiction; therefore, the June 30, 2008, order will be set-aside.  28 U.S.C. § 1446(d); *Moore*, 447 F.2d at 1073.

The June 19, 2008, stipulated order was entered eight days prior to the notice of removal, so the Kent County Circuit Court had jurisdiction when that order was entered.  The removal of this case does not alter the validity of the June 19, 2008, order, because the Court must treat the June 19, 2008, order as though it "'had in fact been done in the federal court.'"  *Munsey*, 227 F.2d at 903 (quoting *Savell*, 93 F.2d at 379).  Defendants nevertheless contend that the June 19, 2008, order is contrary 42 C.F.R. § 422.80(a)(1) and (b)(5)(vi).  Essentially, 42 C.F.R. § 422.80(a)(1) and (b)(5)(vi) require a Medicare Advantage organization to receive approval from the Centers for Medicare and Medicaid Services before distributing certain marketing materials.  42 C.F.R. § 422.80(a)(1), (b)(5)(vi).  Defendants contend that the June 19, 2008, order required them to send letters to its members without receiving approval from the Centers for Medicare and Medicaid Services.  However, the June 19, 2008, order contains no such requirement.  The June 19, 2008, order does require that:

3

> Defendants will promptly provide Plaintiff with the criteria used to identify recipients of its Member Notice concerning Plaintiff dated May 28, 2008[.]

(06/19/2008 Stipulated Order 1.) Defendants have not indicated any basis for the Court to conclude that providing such information to Plaintiff is contrary 42 C.F.R. § 422.80. Therefore, the June 19, 2008, stipulated order entered by Judge Sullivan remains in effect.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Humana Health Plan Inc. and Humana Insurance Company's motion to set-aside state court orders (Dkt. No. 2) is **GRANTED IN PART and DENIED IN PART.** Defendants' motion is granted as to Judge Trusock's June 30, 2008, order and denied as to Judge Sullivan's June 19, 2008, stipulated order.

**IT IS FURTHER ORDERED** that Judge Trusock's June 30, 2008, order, which was entered in Kent County Circuit Court, is **SET-ASIDE**.

**IT IS FURTHER ORDERED** that a **HEARING** shall be held on **Tuesday, July 22, 2008, at 9:00 a.m.,** Courtroom 601, Ford Federal Building, 110 Michigan Street N.W., Grand Rapids, MI 49503, at which time the Court shall hear oral argument on Plaintiff's motion to remand (Dkt. No. 10) and Plaintiff's motion for a preliminary injunction (Dkt. No. 4, Att. 1E).

**IT IS FURTHER ORDERED** that the parties may file additional briefs on Plaintiff's motion for a preliminary injunction no later than **July 14, 2008**.

Date:   July 2, 2008         /s/ Robert Holmes Bell
                             ROBERT HOLMES BELL
                             CHIEF UNITED STATES DISTRICT JUDGE

4