UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIPLOMAT PHARMACY, INC.,

   Plaintiff,

                  File No. 1:08-CV-620

v.

                  HON. ROBERT HOLMES BELL

HUMANA HEALTH PLAN, INC. and
HUMANA INSURANCE COMPANY,

   Defendants.
                  /

## **O P I N I O N**

This matter is before the Court on Plaintiff Diplomat Pharmacy Inc.'s ("Diplomat") motion for expedited production of records. (Dkt. No. 21.) Diplomat seeks an order requiring Defendants Humana Health Plan Inc. and Humana Insurance Company (collectively "Humana") to produce certain records in response to pending document production requests prior to the July 29, 2008, hearing on Diplomat's motion for preliminary injunction. Humana opposes the request for production. For the reasons that follow Diplomat's motion will be denied.

**I.**

Diplomat's motion for a preliminary injunction seeks an order preventing Humana from terminating the parties' Pharmacy Provider Agreement ("PPA") until the conclusion

of the parties' arbitration proceeding or until Humana offers Diplomat a reasonable, relevant and non-discriminatory standard contract.  (Dkt. No. 4, Notice of Removal, Ex. 1D.)

In the stipulated order resolving Diplomat's motion for temporary restraining order, the parties agreed that Humana would provide its two form agreements entitled "Pharmacy Provider Agreement" and "Specialty Pharmacy Participation Agreement" and that they would "meet and confer concerning the exchange of additional discovery they deem necessary for the preliminary injunction hearing."  (Dkt. No. 21, Mot. for Produc., Ex. A, Stipulated Order ¶ 5.)  Thereafter Diplomat served Humana with a document production request seeking: 1) Humana's pharmacy provider agreements entered into after July 2, 2008; 2) Humana's policies relating to retail, pharmacy, and/or specialty pharmacy networks; 3) Humana's form provider agreements; 4) Humana's pharmacy reimbursement rates after July 2, 2008; 5) documents relating to Humana's plans to acquire, own, or operate a pharmacy provider; and 6) documents relating to Humana's PPA negotiations with Diplomat since September 1, 2007.  Diplomat subsequently requested additional documents relating to Humana's communications about Diplomat with members, physicians, and the Centers for Medicare and Medicaid Services.  (Mot for Produc., Ex. B & C.)  Diplomat seeks an order compelling Humana to produce these documents on an expedited basis before the hearing on the motion for preliminary injunction because it contends that the documents will assist Diplomat in proving that it is likely to succeed on the merits of its claim.

Humana opposes Diplomat's request for expedited production because it contends that the documents are not relevant to the resolution of the merits of the preliminary injunction motion.

## II.

As a general rule, a party may not seek discovery before the parties have conferred as required by Rule 26(f), unless authorized by stipulation or court order. Fed. R. Civ. P. 26(d)(1). A party seeking expedited discovery in advance of a Rule 26(f) conference accordingly has the burden of showing good cause or need in order to justify deviation from the normal timing of discovery. *See Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 420 (D. Colo. 2003); *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000); 8 Charles Alan Wright, et al., *Federal Practice & Procedure Civil* § 2046.1 (2d ed. 2008) ("Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order."). Where as here, the substance of the dispute has been submitted to arbitration and discovery will be controlled by the arbitrator, it is particularly important to insure that expedited discovery is not used simply to circumvent the discovery limitations in the arbitration proceeding. *O'Connor*, 194 F.R.D. at 623.

There is no dispute that Humana has provided the two form agreements that it agreed to provide in the stipulated order resolving Diplomat's motion for temporary restraining order. The parties did not agree to any additional discovery. Diplomat accordingly has the

burden of showing good cause or a need for expedited production of the additional documents it has requested.

Diplomat asserts in its motion that the records "will assist Diplomat in proving that it is likely to succeed on the merits, a prerequisite for entry of a Preliminary Injunction." (Mot. for Produc. ¶ 2.) The only additional explanation Diplomat provides in its brief is that federal courts commonly grant expedited discovery in preliminary injunction proceedings and that the discovery sought is "highly relevant and will materially advance the efficient disposition of this matter." (Dkt. No. 22, Br. in Support of Mot. for Produc.)

Humana contends that because it has acknowledged that it has a different rate structure for retail pharmacies than it does for specialty pharmacies, the only issue relevant to the Court's resolution of Diplomat's likelihood of success on the merits is whether or not the Medicare Part D statute permits Humana to terminate Diplomat's retail contract in favor of a specialty contract under which Diplomat would be reimbursed differently than it was under its retail contract.

Diplomat has not identified the nature of the issue to be decided on the merits, nor has it identified the relevance of the requested discovery to any factual issues that will have to be resolved at the preliminary injunction hearing in its original motion and brief. To date Diplomat has not filed a reply nor has it sought leave to file a reply to Humana's opposition to its motion for expedited discovery. The Court concludes that Diplomat has not met its

burden of showing good cause or need for expedited discovery. Diplomat's motion for expedited production will accordingly be denied.

    An order consistent with this opinion will be entered.

DATED: July 24, 2008                /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE